UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ORGANIC ENERGY CONVERSION COMPANY, a Washington limited liability company,

Plaintiff,

v.

FLAMBEAU RIVER PAPERS, LLC, a Wisconsin limited liability company; FOUNTAINHEAD ENGINEERING, LTD., a Michigan limited liability company,

Defendants.

CASE NO. C09-5008BHS

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' ALTERNATIVE MOTION TO STAY

This matter comes before the Court on Defendants' (1) motion for summary judgment (Dkt. 24); (2) motion, in the alternative, to stay proceedings (Dkt. 25); and (3) motion for protective order suspending discovery (Dkt. 26). The Court has considered the pleadings filed in support of and the declarations filed in opposition to these motions and the remainder of the file and hereby denies the motion for summary judgment, grants the motion to stay proceedings, and declines to rule on the motion for a protective order for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 8, 2009, this matter was removed from Pierce County Superior Court (Case No. 08-2-14411-4). Dkt. 1. On January 9, 2009, Defendants moved the Court to dismiss the matter or, in the alternative, to stay the case. Dkt. 6. On March 17, 2009, the Court denied Defendants' motion to dismiss and declined to stay the case. Dkt. 18. On November 5, 2009, Defendants filed a motion for summary judgment (Dkt. 24); a motion,

ORDER - 1

in the alternative, to stay proceedings (Dkt. 25); and a motion for protective order suspending discovery (Dkt. 26).

## II. FACTUAL BACKGROUND

Some of the parties to this action are also involved in a related matter in the Price County Circuit Court in Wisconsin (hereinafter "Wisconsin Court"). Defendants in this matter move the Court to either enter summary judgment in their favor (Dkt. 24) or, in the alternative, stay the proceedings pending the outcome of their Wisconsin case. Defendants made a similar motion earlier in this litigation, which was denied. *See* Dkt. 18. The facts outlined in that order denying Defendants' motion are relevant here:

**A.  The Wisconsin Action**

> On June 19, 2008, Flambeau, Johnson Timber Corporation and William Johnson (collectively "Wisconsin Plaintiffs") filed a complaint against Organic Energy Conversion Company ("OECC") in Price County Circuit Court in Wisconsin. Dkt. 6-2. Johnson Timber is a Wisconsin corporation, and Mr. Johnson is its principal shareholder and chief executive officer. Mr. Johnson, a resident of Wisconsin, is also the CEO of Flambeau, as well as the sole member of Summit Lake Management, LLC, which is the managing member of Flambeau.
> According to the complaint, in February 2008, OECC and Flambeau entered into a non-binding memorandum of understanding ("MOU"), which called for Flambeau to make a payment of $600,000 to OECC that was to be used exclusively by OECC for the development and construction of a specified product. Under the MOU, OECC and Flambeau were to successfully test the product no later than April 1, 2008, and the product was to be delivered to Flambeau's Park Falls, Wisconsin facility no later than May 1, 2008. Flambeau maintains that it paid the initial $600,000 to OECC for production and development of the product.
> When it became apparent that OECC could not deliver the product as promised, Mr. Johnson met with individuals purporting to be authorized representatives of OECC in an attempt to find a business solution to the problem. Those discussions led to the signing of a term sheet, which expressed the parties' desire to explore a joint-venture type relationship relating to the product. Under the term sheet, all equipment and other items necessary for completion of the product would be delivered to the Park Falls facility, and OECC would dispatch an authorized representative to the facility to "ensure the successful manufacture and assembly" of the product. The Wisconsin Plaintiffs maintain that the term sheet is a non-binding document "merely setting forth the good-faith intentions of the parties for the structure of the joint-venture relationship. The term sheet explicitly calls for subsequent agreements to be reached and entered into between OECC and one or more of the [Wisonsin] Plaintiffs, although it does not identify which specific parties are to be participants in the contemplated joint venture." *Id.* at 7. The term sheet also calls for a subsequent operating agreement to be entered into as part of the joint

venture relationship. The Wisconsin Plaintiffs maintain that the parties have not negotiated or entered into an operating agreement.

Additionally, the term sheet provided that once the operating agreement has been executed and the joint venture established, Mr. Johnson and/or one of the other Wisconsin Plaintiffs was to pay OECC $1 million in ten equal installments. The Wisconsin Plaintiffs maintain that, although no joint venture had been established, Mr. Johnson, "as a gesture of good faith," caused the first installment to be made to OECC on May 2, 2008.

On May 28, 2008, Mr. Johnson received information from Butch Sadikay, who identified himself as a 50% owner of OECC, "caution[ing] Mr. Johnson from continuing to do business with OECC without further discussion between them." *Id.* at 8. Based on this information, as well as a subsequent phone conversation, the Wisconsin Plaintiffs believed that "it [did] not appear . . . that the individuals who signed the MOU and the term sheet were authorized to do so on behalf of [OECC]." *Id.*

Flambeau contends that it demanded an accounting of the $600,000 because OECC never completed the product. Flambeau further maintains that OECC has requested an installment payment pursuant to the term sheet, and that OECC characterized the term sheet as a "binding contract."

In the Wisconsin action, the plaintiffs seek a declaratory judgment that they owe no contractual obligations requiring payment to OECC. The Wisconsin Plaintiffs also seek an accounting for the $600,000 Flambeau allegedly paid to OECC. OECC asserted several affirmative defenses in its answer, including (1) lack of personal jurisdiction, (2) improper jurisdiction and venue because key discussions and agreements took place in Washington where key witnesses still reside, and (3) improper jurisdiction and venue because Flambeau signed a written agreement promising that disputes arising out of the terms of the parties' relationship could only be commenced in Pierce County, Washington. *Id.*, 14-15.

**B.    OECC's Washington Action**

On November 10, 2008, OECC filed a complaint against Flambeau and Fountainhead Engineering, Ltd. ("Fountainhead"), in Pierce County Superior Court in Washington. Dkt. 1, 9-13. On January 8, 2009, Defendants Flambeau and Fountainhead removed the Washington action to this Court. *Id.*, 1-5. OECC alleges two causes of action: (1) breach of contract based on Flambeau's and Fountainhead's alleged breach of a mutual non-disclosure agreement ("MNDA"), and (2) conversion based on Flambeau's and Fountainhead's alleged conversion of OECC's intellectual or other property. According to this complaint, OECC developed "valuable and confidential technology and process for non-thermal drying of biosolids and biomass." *Id.* at 10. This technology and process was the subject of a confidential patent application filed with the United States Patent and Trademark Office on December 12, 2007. OECC agreed to give access to this patent application to Flambeau and Fountainhead for the purpose of furthering a possible business relationship between the parties to develop, manufacture and sell a non-thermal biomass dryer to the timber industry (referred to by the parties as the "Possible Transaction"). To that end, the parties entered into the MNDA, which is dated December 11, 2007. The MNDA provides in part:

> Neither Party will use, or permit any of its Representatives to use, any of the other Party's Confidential Information for any purpose other than in connection with the evaluation of the

ORDER - 3

> Possible Transaction, and neither Party will make any such Confidential Information available to any Person for any other purpose whatsoever.

Dkt. 1 at 16.

The MNDA also includes a provision that requires "any legal proceedings arising out of the terms of [the MDNA] . . . be commenced in the courts located in Pierce County [Washington]." *Id.* at 21.

OECC alleges that Flambeau and Fountainhead "repudiated the existence of any business relationship with [OECC]" and claimed to have built their own non-thermal biomass dryer with the assistance of Mr. Johnson and Johnson Timber. OECC maintains that Defendants' biomass dryer wrongfully uses OECC's confidential information in violation of the MNDA.

Since entry of this Court's order, the Wisconsin Court has also entered a decision and order. *See* Dkt. 27, Declaration of Bradley C. Fulton (Fulton Decl.), Ex. A (reproducing the Wisconsin decision). The Wisconsin Court (1) exercised jurisdiction over the matter and (2) entered summary judgment as to certain issues, including its conclusion that the MOU and the joint venture agreement (a.k.a., the term sheet) were non-binding documents. *Id.* at 7-10.

Absent from the Wisconsin Court's summary judgment order was whether the MNDA, the subject of the instant matter, is a binding agreement. *See id.* Nonetheless, Defendants claim that the Wisconsin decision disposes of this action by leaving no material facts in dispute and thereby entitling them to summary judgment. Dkt. 24.

## III. DISCUSSION

**A.      Defendants' Summary Judgment Motion**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond pleadings and identify facts which show a genuine issue for trial. *Id.* at 324; *Hopkins v. Andaya*, 958 F.2d 881, 885 (9th Cir. 1992) (per curiam).

1  Defendants predicate their motion for summary judgment on the proposition that
2  the Wisconsin Court's entry of summary judgment regarding the MOU and the joint
3  venture agreement (a.k.a., the term sheet) acts to resolve the instant matter. *See* Dkt. 24.
4  However, the matter before this Court arises out of a dispute over the legal effect of the
5  MNDA, if any. *See, e.g.,* Dkt. 18 at 8. Previously, The Court denied Defendants' motion
6  to dismiss or stay this action because of its concern that the Wisconsin Court could not or
7  would not rule on the legal effect of the MNDA. *Id.* at 6-8 (order denying Defendants'
8  first motion to dismiss). In fact, the Wisconsin Court's summary judgment ruling did not
9  address or discuss the validity, if any, of the MNDA. Fulton Decl., Ex. A (reproducing
10 the Wisconsin Court's opinion)

11  Although the Wisconsin Court appears to have decided some facts that potentially
12 bear on the MNDA, Defendants do not adequately establish whether all relevant facts
13 surrounding the legal effect of the MNDA, if any, were decided by the Wisconsin Court.
14 *See id.*; *see also* Dkts. 24-25. Indeed, the Wisconsin Court never discussed the MNDA,
15 which is central to the matter before this Court. *See* Dkt. 18 (discussing the nature of the
16 MNDA and its bearing on the instant matter). As such, the Defendants have failed to meet
17 their initial burden of establishing the absence of a genuine issue of material fact. *Celotex*,
18 477 U.S. at 323.

19  Therefore, the Court denies Defendants' motion for summary judgment.

**B.    Defendants' Alternative Motion to Stay**

21  Alternatively, Defendants move the Court to stay the proceedings before this Court
22 pending the outcome of the Wisconsin Court case. Dkt. 25. Plaintiff did not file a
23 response to this motion, but filed a declaration claiming that "nothing material has
24 changed since the court first denied [D]efendants' request for a stay." Dkt. 34,
25 Declaration of Nigel S. Malden (Malden Decl.) ¶ 7. However, the Court finds this
26 assertion without discussion insufficient to counter Defendants' position.

27  The Court initially declined to stay this matter because:

> [T]here is substantial doubt as to whether the Wisconsin action will provide complete and prompt resolution of the issues raised in the Washington action. While the MNDA, the MOU, and the term sheet appear to be interrelated, it is not clear that resolution of the dispute regarding the MOU and term sheet will resolve the dispute regarding the MNDA. Even assuming that the Wisconsin court could resolve Flambeau's claims regarding the MOU, the term sheet, and the accounting of the $600,000 it paid OECC, it is not clear that the Wisconsin court could resolve OECC's claim that Flambeau and/or Fountainhead used confidential information in violation of the MNDA.

Dkt. 18 at 7-8. This reasoning was made before the case in Wisconsin had been developed. *Id*. Since that ruling, the matter has proceeded in Wisconsin and the Wisconsin Court has entered summary judgment regarding the MOU and the term sheet (the joint venture agreement). Fulton Decl., Ex. A (reproducing the Wisconsin decision). The Wisconsin Court will in due course also be deciding the accounting and other claims remaining in that action, which may bear on this instant matter. Fulton Decl. ¶¶ 5-7 (trial scheduled for March 24, 2010).

Defendants persuasively argue that the rulings of the Wisconsin Court, both on summary judgment and those that will occur during the trial begining March 24, 2010, will either have some effect on the instant matter or completely resolve the instant matter. *See* Dkt. 25 (discussing the interrelated nature of the two suits). Plaintiff does not directly oppose this argument; rather, it simply claims that nothing material has changed since the prior decision of this Court to deny the request for stay. Dkt. 34, Nigel Decl. ¶ 3. However, at the time of that order (Dkt. 18), the Wisconsin Court had not entered any findings of fact or conclusions of law. Thus, contrary to Plaintiff's position, the Court finds the disposition of the Wisconsin case is itself a material change.

This Court previously noted that the MNDA, the MOU, and the term sheet appear to be interrelated. Dkt. 18 at 8. To the extent the rulings in Wisconsin bear on this action, it appears the Court may be bound by such rulings pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738. This Act requires the federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("a federal court may be

ORDER - 6

bound to recognize the claim- and issue-preclusive effects of a state-court judgment"). It would therefore be in line with this Act and judicially efficient to stay this action pending the outcome of the Wisconsin action. Additionally, the resolution of the Wisconsin action will likely streamline this case. Staying this action while awaiting final determination of the action in Wisconsin may also eliminate duplicative discovery, motions, and other pretrial matters.

Therefore, the Court grants Defendants' motion to stay this action pending the outcome of the Wisconsin action; and the parties are ordered to schedule a status conference with the Court immediately thereafter.

**C.   Other Issues**

   **1.   Defendants' Motion to Suspend Discovery**

Because the Court grants Defendants' motion to suspend this action pending the conclusion of the Wisconsin action (Dkt. 25), it need not rule on their motion to suspend discovery (Dkt. 26)**.**

   **2.   Plaintiffs Apparent 56(f) Motion**

Because the Court grants Defendants' motion to suspend this action pending the conclusion of the Wisconsin action (Dkt. 25), it need not rule on Plaintiff's 56(f) motion to continue Defendants' motion for summary judgment. Dkt. 37, Malden Decl. ¶ 2.

   **3.   Sanctions**

Plaintiff's request for sanctions is denied. Dkt. 34, Malden Decl. ¶ 4.

## IV. ORDER

Therefore, it is hereby **ORDERED** as follows:

1. Defendants' motion for summary judgment (Dkt. 24) is **DENIED**.

2. Defendants' motion to temporarily suspend proceedings (Dkt. 25) until after trial in Wisconsin and for a status conference immediately thereafter is **GRANTED.**

DATED this 21st day of December, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8